IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY MACASIO MALINAY; and  ) <br> MARILYN CORPUZ MALINAY,      ) <br>                              ) <br>           Plaintiffs,        ) <br>                              ) <br>     vs.                      ) <br>                              ) <br> RHONDA NISHIMURA; FIRST      ) <br> CIRCUIT COURT OF STATE OF    ) <br> HAWAII; CAROL EBLEN;         ) <br> JOHNATHAN BOLTON; and AUDREY ) <br> YAP,                         ) <br>                              ) <br>           Defendants.        ) <br>                              ) <br> _____) | CIVIL NO. 13-00372 SOM-KSC <br><br> ORDER DISMISSING COMPLAINT <br> WITH LEAVE TO AMEND |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On July 26, 2013, Henry and Marilyn Malinay filed the present action. The Complaint in this matter was not signed by either Henry or Marilyn Malinay. It was instead signed by Anthony Williams, who, while purporting to be a private attorney general, is not a member of the bar such that he can represent others before this court.

On August 5, 2013, the court issued an Order to Show Cause Why Complaint Should Not Be Dismissed Because Anthony Williams Is Not an Attorney Who Is Licensed to Practice Law Before this Court. See ECF No. 5.

On August 5, 2013, Williams filed a response as the "private attorney general" for the Malanays. See ECF No. 6. According to exhibits attached to that document, the Malanays gave a "Statutory Short Form Power of Attorney" to "Common Law

Office of America," including Williams.  See ECF No. 6-3.  Even assuming that these are valid powers of attorney, Williams may not represent the Malanays as their attorney in this matter.

The court starts by recognizing that, in all courts of the United States, "parties may plead and conduct their own cases personally or by counsel."  See 28 U.S.C. § 1654.  However, the right to proceed pro se in civil cases is a personal right.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)).

Nor does a power of attorney that allows Person A to act on behalf of Person B give Person A the right to act as Person B's attorney.  A power of attorney allows Person A to do on behalf of Person B matters for which an attorney's license is not required.  Person A may sign checks or loan documents, for example, but may not provide legal representation if not licensed to practice law.  See In re Foster, 2012 WL 6554718, *5 (9th Cir. B.A.P. Dec. 14, 2012) (concluding that an attorney-in-fact, as opposed to an attorney-at-law, is not authorized to sign a complaint or otherwise appear on behalf of a principal); Ryan v. Hyden, 2012 WL 4793116, *4 (S.D. Cal. Oct. 9, 2012) (holding that, even if a person was given a durable power of attorney with

2

broad language regarding claims and litigation, that power of attorney does not validly provide the right to represent that person as his or her attorney); United States v. Davis, 2012 WL 540562, *2 (E.D. Ky. Feb. 17, 2012) ("Even assuming that Slone has Davis' power of attorney, the law still would not permit her to represent Davis as an attorney-at-law in legal proceedings."); Harris v. Philidelphia Police Dep't, 2006 WL 3025882, *3 (E.D. Pa. 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); Jacox v. Dep't of Defense, 2007 WL 118102, *2 (M.D. Ga. 2007) ("Consistent with the foregoing, therefore, the Court finds that 28 U.S.C. § 1654 requires pro se litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals.  Moreover, a power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law."); DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("The fact that Castrechin and Langill have granted DePonceau power of attorney to represent them does not authorize him to act as their counsel on this action" as "New York law prohibits the practice of law in this state on behalf of anyone other than himself or herself by a person who is not an admitted member of the bar, regardless of the authority purportedly conferred by execution of a power of attorney." (quotation marks

omitted)); Drake v. Superior Court, 26 Cal. Rptr. 829, 832 (Cal. Ct. App. 1994) ("Long before passage of the Power of Attorney Act, the law distinguished between an attorney in fact and an attorney at law and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law." (footnote omitted)); People v. Bowens, 2012 WL 6944048, *5 (Ill. App. Mar. 1, 2012) ("Although there has been no Illinois case directly addressing this issue, other jurisdictions have plainly held that the authority bestowed upon an agent through a power of attorney does not include empowering the attorney-in-fact to appear and represent the principal as an attorney-at-law because to interpret the power of attorney in this manner would circumvent the prohibition against the unauthorized practice of law."); see also Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (general power of attorney could not provide the personal right to assert constitutional claim).

     Hawaii has a statute prohibiting the unauthorized practice of law.  See Haw. Rev. Stat. § 605-14.  Any violation of that statute is a misdemeanor.  See Haw. Rev. Stat. § 605-17.  Williams may not use a power of attorney to skirt this prohibition.  The Hawaii Supreme Court has recognized that these statutes were enacted to protect the public against incompetence

or improper activity.  See Fought & Co. v. Steel Eng'r & Erection, Inc., 87 Haw. 37, 45 951 P.2d 487, 495 (1998).

Williams's pleadings certainly do not demonstrate competence to represent the Malanays.  For example, he cites to certain provisions of the Uniform Commercial Code after his signature that appear inapplicable to this case.  He also makes questionable arguments.  For example, in his opposition to the Order to Show Cause, he states, "Anyone who has taken an oath to become a member of the bar is a traitor to the American people and should be tried and convicted of treason against the United States of America."  See ECF No. 6, PageID # 22.

Williams's representation of the Malanays in this action also violates Local Rule 83.2, which states, "Only a member of the bar of this court who is also an active member in good standing of a state bar or its equivalent, or any attorney otherwise authorized by these rules to practice before this court, may enter an appearance for a party . . . ."

Although Williams claims that the state bar has an illegal monopoly that violates Hawaii's prohibition on unfair and deceptive methods of competition (found in section 480-2 of Hawaii Revised Statutes), he provides no legal support for that assertion.  In fact, it appears that Williams may be the one who is violating section 480-2 through what appears to be a violation of section 605-14 of Hawaii Revised Statutes.  Williams similarly

fails to show any deprivation of a constitutional right based on his assertion that the Malanays have a right to choose their own counsel, as he has no right to represent them in that capacity, even assuming he has a valid power of attorney.

Because Williams is not authorized to represent the Malanays in this court, the Complaint he filed on their behalf is dismissed.  This dismissal is without prejudice.  This means that, if the Malanays choose to proceed with this matter, they may sign, file, and proceed with this matter pro se.  Alternatively, they may have a licensed attorney file the Amended Complaint on their behalf.  If the Malanays do not properly file an Amended Complaint by September 13, 2013, the Clerk of Court is directed to close this case.

Williams is ordered to immediately stop representing the Malanays in this matter.  If Williams continues to do so, the court will issue an order to show cause why he should not personally be sanctioned.  The court will also strike any future document filed by Williams on behalf of the Malanays.  Williams should also be aware that the unauthorized practice of law is a misdemeanor.  If the Malanays have paid any money to Williams in the belief that he was authorized to serve as their attorney, they may seek the return of that money, file a lawsuit against Williams, and/or contact Hawaii's attorney general or the Hawaii state or federal bar associations.  See Haw. Rev. Stat. § 605-

6

15.1 ("The attorney general or any bar association in this State may maintain an action for violations of section 605-14.").

The Clerk of Court is directed to send a copy of this order to (1) Anthony Williams, P.O. Box 8918, Honolulu, Hawaii, 96830; (2) Henry Macasio Malinay and Marilyn Corpuz Malinay, 98-588 Kaimu Loop, Aiea, Hawaii 96701; (3) Carol A. Eblen, Esq., Johnathan C. Bolton, Esq., and Audrey M. Yap, Esq., c/o Goodsill Anderson Quinn & Stifel LLP, 999 Bishop Street, 16th Floor, Honolulu, Hawaii 96813; and (4) Hon. Rhonda Nishimura, Circuit Court, First Circuit, 777 Punchbowl Street, Honolulu, Hawaii 96813.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 14, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Maninay, et al. v. Nishimura, et al.; Civil No. 13-00372 SOM/BMK; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND